UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 4 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| JACK JOHN W. ZABCHUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 1:21-cv-02626 (UNA) |
| ) | |
| BROCKTON COURT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the complaint for reasons explained herein.

Plaintiff, a resident of Rockland, Massachusetts, sues the "Brockton Court," located in Brockton, Massachusetts.  Compl. at 1.  He takes issue with an eviction, foreclosure, or similar proceeding, held in that state court, which he contends left him homeless and living "out on the street."  *See id*. at 1.  He states that he "thought the court would pay [him] back," but instead the resulting proceedings left him without any of his belongings and to "freeze to death."  *Id.*  He vaguely alleges that the Brockton Court, as well as other Massachusetts state courts, and the United States District Court for the District of Massachusetts, denied him relief, which constituted "tyranny," violated the Constitution, and caused him emotional distress.  *See id.* at 1–9.  He seeks ten million dollars in damages.  *Id.* at 9.  Plaintiff, however, faces several hurdles that he cannot overcome.

First, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category. Moreover, any connection between these claims and this District is entirely unclear, as is the ability of this court to exercise venue, *see* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a), or personal jurisdiction, *see International Shoe Co. v Washington*, 326 U.S. 310, 136 (1945). However, assuming *arguendo* even if plaintiff pleaded with more sufficiency, his claims nonetheless fail.

To the extent that plaintiff raises claims against the District of Massachusetts, the federal government, its agencies, and its instrumentalities, are absolutely immune from suit except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Sovereign immunity bars a suit against the United States except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, plaintiff has neither pleaded nor established that there has been any waiver to suit for damages.

Additionally, the Eleventh Amendment to the U.S. Constitution immunizes state bodies, like the named defendant, from suit in federal court, unless immunity is waived.[1] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327–28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction." *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal quotation marks and citations omitted). Once again, plaintiff has neither pleaded nor established that the defendant has expressly consented to be sued for damages.

Furthermore, courts are immune from a damages suit for actions taken in the performance of their duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). And "a judge will not be deprived of immunity because the action he took

---

[1] The Amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13–15 (1890).

was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Finally, to any extent that plaintiff seeks to revisit determinations of the District of Massachusetts, this court may not do so. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994). Likewise, this court lacks jurisdiction to review the decisions of the Massachusetts local courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

As such, the complaint is dismissed. An order consistent with this memorandum opinion is issued separately.

DATE: November 4, 2021                          _____/s/_____
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge